UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE STRZELCZYK, | : CIVIL ACTION NO. 3:CV-13-0948 |
| Petitioner | : (Judge Nealon) |
| v. | : |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : |
| Respondents | : |

FILED
SCRANTON

NOV 2 2 2013

PER _____
DEPUTY CLERK

## MEMORANDUM

Petitioner, George Strzelczyk, an inmate currently confined in the State Correctional Institution, Waymart, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He attacks a conviction imposed by the Court of Common Pleas for Monroe County, Pennsylvania. (Doc. 1). By Order dated April 16, 2013, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Petitioner was advised that he could (1) have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act

("AEDPA"). (Doc. 2). On April 23, 2023, Petitioner filed a notice of election form indicating that he wanted to proceed on the petition as filed. (Doc. 3). A Show Cause Order was issued on May 29, 2013. (Doc. 6). A response to the petition was filed by the District Attorney of Monroe County on October 25, 2013. (Doc. 10). No traverse was filed. The petition is ripe for consideration and, for the reasons that follow, will be dismissed.

**Background**

On July 8, 1987, after a jury trial conducted in the Court of Common Pleas of Monroe County, Petitioner was convicted of rape, statutory rape, incest, involuntary deviate sexual intercourse, indecent assault, indecent exposure, endangering welfare of children, and corruption of minors. (Doc. 1, petition). Petitioner was sentenced to a fifteen (15) to thirty (30) year term of imprisonment. Id.

On October 31, 1988, the Pennsylvania Superior Court affirmed the judgment of the trial court. Commonwealth v. Strzelczyk, 385 Pa. Super. 657, 555 A.2d 250 (Pa. Super. 1988) (Table). Petitioner's allowance of appeal to the Pennsylvania Supreme Court was denied on May 22, 1989. Commonwealth v. Strzelczyk, 522 Pa. 595, 562 A.2d 320 (Pa. 1989) (Table).

On August 19, 1996, Petitioner, represented by counsel, filed a petition

2

under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq. ("PCRA"). After a hearing, the PCRA Court denied the petition on June 9, 1999. (Doc. 1, petition). Petitioner appealed the denial to the Pennsylvania Superior Court. On March 24, 2000, the Superior Court affirmed the PCRA Court's denial of relief, and the Pennsylvania Supreme Court denied allowance of appeal on October 3, 2000. Commonwealth v. Strzelczyk, 757 A.2d 998 (Pa. Super. 2000) (unpublished memorandum), appeal denied, 764 A.2d 50 (Pa. 2000).

On May 12, 1998, Petitioner, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. See Strzelczyk v. Superintendent, SCI-Waymart, et al., Civil Action No. 3:98-cv-0780 (M.D. Pa. 1998). By Memorandum and Order dated June 2, 1998, the petition was dismissed without prejudice. Id. Petitioner filed an appeal, which was dismissed on September 25, 1998, pursuant to Strzelczyk's request to dismiss pursuant to F.R.A.P. 42(b). See Strzelczyk v. Superintendent, No. 98-7369 (3d Cir. 1998).

On February 20, 2001, Petitioner, through counsel, filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. See Strzelczyk v. Warden, SCI-Waymart, et al., Civil Action No. 3:01-cv-0320 (M.D. Pa. 2001). By Memorandum and Order dated May 6, 2002, the merits of the petition were addressed, and the petition was denied. Id. Petitioner's request for a certificate of

3

appealability was subsequently denied by the United States Court of Appeals for the Third Circuit, as well as his petition for writ of certiorari to the United States Supreme Court. Id.

Petitioner then filed a Motion to Reopen his PCRA petition based on after discovered in the state court. (Doc. 1, petition). The PCRA Court denied the motion on March 4, 2004, treating it as an untimely PCRA petition. Id.

On September 24, 2004, Petitioner filed another PCRA petition in the state court, which was dismissed as untimely on September 28, 2004. Id. On May 4, 2005, the Pennsylvania Superior Court affirmed the PCRA Court's dismissal of the petition as untimely. Id. at p. 23.

On September 21, 2005, Petitioner filed a petition in the United States Court of Appeals for the Third Circuit for leave to file a second or successive petition pursuant to 28 U.S.C. Section 2244(b). In Re: Strzelczyk, No. 05-4313 (3d Cir. 2005). By Order dated September 29, 2005, Petitioner's application to file a second or successive petition was denied, as Petitioner had failed to make a prima facie showing that a claim in his application rested upon a qualifying new rule of constitutional law or on a factual predicate that could not have been discovered previously. Id.

On October 25, 2007, Petitioner filed a third petition for writ of habeas

4

corpus in this Court. See Strzelczyk v. Superintendent, Civil Action No. 3:07-cv-1953 (M.D. Pa. 2007). By Memorandum and Order dated April 1, 2008, the petition was dismissed as a successive petition under 28 U.S.C. § 2244. Id. No appeal was filed.

On April 15, 2013, Petitioner filed the instant petition for writ of habeas corpus, his fourth federal petition challenging his conviction and sentence. (Doc. 1, petition).

On October 25, 2013, Respondents filed a response to the petition for habeas corpus, arguing that Petitioner is barred from proceeding in this Court. (Doc. 10). No traverse has been filed.

**Discussion**

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established new procedures governing the filing of second or successive § 2254 petitions. See In re Minarik, 166 F.3d 591, 599 (3d Cir. 1999). The pertinent authority for dismissing successive habeas corpus petitions is found in Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (2007) and 28 U.S.C. § 2244. Rule 9 of the Habeas Corpus Rules provides that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals

authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." The applicable provisions of section 2244 are as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was dismissed in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under 2254 that was not presented in a prior application shall be dismissed unless –
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or

successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of the section.

28 U.S.C. § 2244. Thus, the AEDPA prohibits the filing in the district court of a second or successive habeas petition under section 2254 unless the petitioner has first obtained permission from the appropriate court of appeals. Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005). A petitioner must follow this procedure even if the first petition was filed before the AEDPA was enacted. In re Minarik, 166 F.3d at 609.

Strzelczyk has filed a prior application for federal habeas relief challenging his 1987 conviction, and has been denied relief on the merits of the petition. Strzelczyk v. Warden, SCI-Waymart, et al., Civil Action No. 3:01-cv-0320 (M.D. Pa. 2001). He has also filed an application with the United States Court of Appeals

for the Third Circuit to file a second or successive petition, which was denied. In Re: Strzelczyk, No. 05-4313 (3d Cir. 2005). His current application is yet another attempt to challenge the same 1987 conviction in federal court. The Court finds that the current application is a second or successive petition, subject to the authorization requirement of § 2244(b)(3). Thus, consistent with the above discussion, Strzelczyk's habeas petition, which is a successive petition under 28 U.S.C. § 2244, filed after the Third Circuit Court of Appeals denied an earlier request by Petitioner to file a successive habeas petition, will be dismissed for lack of jurisdiction.

A separate Order will be issued.

Dated: November 22, 2013

*[signature]*
United States District Judge